UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LARRY R. EDWARDS,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) Case No. 04-CV-0803-CVE-FHM |
| **JOHN F. POTTER,** | ) |
| Postmaster General, | ) |
| United States Postal Service, | ) |
| **Defendant.** | ) |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion to Dismiss Or, in the Alternative, Motion for Summary Judgment (Dkt. # 33). Defendant moves to dismiss plaintiff's complaint on the ground that plaintiff failed to exhaust his administrative remedies prior to filing suit.

**I.**

Plaintiff served as an employee for the United States Postal Service ("USPS") for many years. Plaintiff alleges that on or about May 9, 1997,[1] he was subject to harassment and, later, termination from his employment on the basis of his race. This action is one of many taken by plaintiff in response to his discharge. On March 10, 1999, plaintiff filed, in this district, a civil action against the then-Postmaster General, William Henderson, pursuant to 42 U.S.C. § 1981 and Oklahoma law, for his May 1997 termination. At that time, the district court adopted the report and recommendation of the magistrate judge that plaintiff's complaint be dismissed for lack of subject

---

[1] Plaintiff's complaint also lists Sharee L. Edwards. Sharee Edwards was born in 1992, which would have made her either four of five at the time of the alleged discrimination. It is inconceivable that Sharee Edwards could have been the victim of either harassment or discrimination in employment by the USPS on May 7, 1997, and her claims will, therefore, be dismissed.

matter jurisdiction. Upon review of the applicable statutory and regulatory regime, the district court reasoned that, because plaintiff elected to pursue his claim with the Merit Systems Protection Board ("MSPB"), his exclusive appellate course after the MSPB's determination that his appeal to that body was untimely was to the United States Court of Appeals for the Federal Circuit. The court concluded that subject matter jurisdiction did not exist in the district court and, accordingly, dismissed plaintiff's complaint. Plaintiff subsequently filed Equal Employment Opportunity claims with the USPS, which were dismissed due to untimely filing. Plaintiff now seeks relief for the same alleged injury, discriminatory termination, although he now brings his claim pursuant to 42 U.S.C. § 2000e-16, or Title VII. Defendant moves for dismissal on the ground that plaintiff has failed to exhaust his administrative remedies and, as a consequence, this Court lacks subject matter jurisdiction over those claims.

Plaintiff offers no explanation as to why his present complaint should be treated any differently than his prior claims relating to the identical alleged injury. Having independently reviewed the record, the Court determines that it lacks subject matter jurisdiction over plaintiff's present claims for the same reason that the district court could not exercise jurisdiction over his claims previously. Having elected to pursue his claim of discrimination before the MSPB, plaintiff failed to file a timely appeal of his removal with that body and, likewise, failed to file a timely appeal to the Federal Circuit of the MSPB's denial of his petition.[2] "Federal employees, like private sector employees can submit unlawful discrimination claims to a district court. Like their private sector counterparts, federal employees also are required to exhaust applicable administrative remedies prior to seeking judicial review." Coffman v. Glickman, 328 F.3d 619, 624 (10th Cir.

---

[2]   An appeal of a MSPB dismissal based on untimeliness lies exclusively with the Federal Circuit.

2003). This Court may not now exercise jurisdiction over claims of discrimination plaintiff failed to carry, in a timely manner, through the appropriate administrative channels.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Dkt. ## 33) is hereby **granted**, and plaintiff's complaint is hereby **dismissed in its entirety with prejudice to refiling** for lack of subject matter jurisdiction.

**IT IF FURTHER ORDERED** that plaintiffs' Freedom of Information Act request (Dkt. # 23), defendant's motion for summary judgment (Dkt. # 34), and plaintiff's motion for summary judgment (Dkt. # 44) are **denied as moot**.

**DATED** this 20th day of January, 2006.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT