# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LARRY R. EDWARDS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) Case No. 04-CV-0803-CVE-FHM |
| **JOHN E. POTTER,** | ) |
| Postmaster General, | ) |
| United States Postal Service, | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Now before the Court is plaintiff's motion requesting reconsideration of this Court's Order of January 20, 2006 dismissing plaintiff's complaint for lack of subject matter jurisdiction and requesting an evidentiary hearing (Dkt. # 55).

Rule 60[1] permits a party to seek relief from a final judgment, order, or proceeding due to (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

---

[1] "The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Since plaintiff filed his motion after the ten day deadline of Rule 59(e), the Court construes plaintiff's request as a motion for relief from judgment or order pursuant to Rule 60(b).

Fed. R. Civ. P. 60(b).  "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances. . . . Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal."  <u>Zurich N. Am. v. Matrix Serv., Inc.</u>, 426 F.3d 1281, 1289 (10th Cir. 2005).

Plaintiff makes no attempt to tailor his arguments to the strictures of Rule 60(b), and the Court having independently reviewed his motion finds no basis for Rule 60 relief.  Plaintiff failed to properly exhaust his administrative remedies following his removal from employment with the United States Postal Service.  Nothing submitted by plaintiff suggests that the Court's determination that it lacked subject matter jurisdiction over his claims was incorrect.  Accordingly, the Court's January 20, 2006 Order stands.

**IT IS THEREFORE ORDERED** that plaintiff's request for relief from the Court's Order and for evidentiary hearing (Dkt. # 55) is hereby **denied**.  This case has been closed, and plaintiff is directed not to file any further pleadings in this matter.

**DATED** this 22nd day of February, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT